FILED

U. S. DISTRICT COURT
E. DISTRICT OF MO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. |
| ) | **4:10CR   00006CEJ** |
| WALLACE P. BERKOWITZ, M.D., ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

1. At all times relevant to this indictment, defendant Wallace P. Berkowitz, M.D., was licensed by the state of Missouri as a medical doctor. The defendant is an otolaryngologist, that is, a medical doctor who specializes in the treatment of ear, nose, and throat problems.

2. At all times relevant to this indictment, the defendant, a sole practitioner, was registered with the Missouri Secretary of State to do business as Wallace P. Berkowitz, M.D., LTD., PC. He had offices in St. Louis City and St. Louis County, Missouri and in Swansea, Alton, and Glen Carbon, Illinois.

3. At all times relevant to this indictment, the defendant was a participating Medicare and Medicaid provider. He provided services to patients at his offices and at hospitals, surgery centers, and outpatient centers, including St. Alexius Senior Services Center (St. Alexius).

### Relevant Medicare
### Regulatory and Administrative Provisions
### General Medicare Provisions

4. Medicare is a federal health insurance program for individuals age 65 and older and

for certain categories of disabled people. Medicare was authorized by Title XVIII of the Social Security Act and is the nation's largest health insurance program.

5. The United States Department of Health and Human Services (HHS), through the Centers for Medicare and Medicaid Services (CMS), administers the Medicare Program, which reimburses for services provided to persons eligible for Medicare-reimbursed services.

6. The Secretary of HHS has broad statutory authority to "prescribe such regulations as may be necessary to carry out the administration of the [Medicare] insurance programs...." 42 U.S.C. §1395hh(a)(1).

7. In addition to promulgating regulations, the Secretary has the power to formulate rules for the administration of the Medicare Program, through the issuance of manual instructions, interpretative rules, statements of policy, and guidelines of general applicability. 42 U.S.C. §1395hh(c)(1). Under this power the Secretary of HHS formulated the Medicare Carrier's Manual. HHS requires that providers comply with the Medicare Carrier's Manual, as well as Medicare statutes and regulations, when submitting reimbursement claims for services.

8. CMS selects and contracts with private insurance companies to act as its agents in administering the Medicare Program. The private insurance companies, called "carriers" or "contractors" are responsible for receiving, reviewing, and paying claims for services provided to Medicare eligible individuals, sometimes referred to as Medicare beneficiaries.

9. Arkansas Blue Cross Blue Shield ( known as Pinnacle Business Solutions, Inc.) was the Medicare carrier for the state of Missouri until June 1, 2008. After this date, Wisconsin Physicians Service Insurance Corporation (WPS) has been the Medicare carrier for Eastern Missouri.

10. To receive Medicare reimbursement, providers of services to Medicare beneficiaries must make application to the Medicare carrier and execute a written agreement (Provider Agreement). The Provider Agreement obligates the provider to know, understand and follow all Medicare regulations and rules. The Medicare provider enrollment application, (section #15 Certification Statement, items #7 and #8), states:

> I understand that the Medicare billing number issued to me can only be used by me or by a provider or supplier to whom I have reassigned my benefits under current Medicare regulations, when billing for services rendered by me. I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

11. To obtain reimbursement for services rendered, the provider must submit a paper or electronic claim form and certify that the information on the claim form is accurate, including the identity of the patient, the provider number, the service provided, and the medical necessity for the service rendered.

12. Because of the large number of claims received by Medicare carriers, carriers generally rely on and pay claims based on the information on the Medicare claim forms and the providers' certifications.

13. However, Medicare requires that the provider document in the patient's medical record the services that were provided and that the services were reasonable and necessary. If requested, the provider must produce the documents reflecting the patients' conditions, diagnoses, and treatments.

### General Medicaid Provisions

14. Title XIX of the Social Security Act established the Grants to States for Medical

Assistance Programs, popularly known as the Medicaid Program. The Medicaid Program is a federal and state-funded health insurance program administered by the various states. The Missouri Department of Social Services, MO HealthNet Division (Medicaid) administers the Medicaid Program. Medicaid provides health insurance for the indigent population of the state.

15. In order to be reimbursed by Medicaid, a provider must enter into a written provider agreement with Medicaid to render medical services to Medicaid recipients and agree to abide by Medicaid's regulations in rendering and billing for those services.

16. In order to receive reimbursement from Medicaid for services rendered to a Medicaid recipient, a Medicaid provider submits claims by completing a CMS-1500 form. In the CMS-1500, the Medicaid provider certifies:

> . . . the services listed above were medically indicated and necessary to the health of this patient and were personally furnished by me or my employee under my personal direction . . . the foregoing information is true, accurate and complete. I understand that payment and satisfaction of this claim will be from Federal and State funds, and that any false claims, statements, or documents, or concealment of a material fact, may be prosecuted under applicable Federal or State laws.

17. When a provider renders services to a person who is both a Medicare beneficiary and a Medicaid beneficiary, the provider submits the claim to Medicare only. If the claim is acceptable to Medicare, Medicare pays 80% of the allowable charge and sends the claim to Medicaid for payment of 20% of the allowable charge. This latter payment is sometimes called a crossover claim or payment. Medicaid relies on the review by Medicare of the claim and generally does not independently review the claim prior to payment.

18. Providers must retain for five years from the date of service medical records that fully document services billed to Medicaid and must furnish or make the records available upon

request for inspection and audit by Medicaid. Failure to furnish, reveal, or retain adequate documentation for services may result in recovery of the payments for the services not adequately documented.

### Physicians' Current Procedural Terminology (CPT) Codes

19. In presenting claims to Medicare, Medicaid, and other insurance companies, providers use number codes, known as "CPT Codes," to describe the service they provided. The American Medical Association (AMA) and its body of physicians of every specialty determined the appropriate definitions for the CPT codes, which are contained in a manual entitled "Physicians' Current Procedural Terminology."

20. By submitting claims using these CPT codes, providers represent to Medicare, Medicaid, and others that the services described by the codes were, in fact, provided. Reimbursement rates for the CPT codes are set through a "fee schedule" created by Medicare. The fee schedule establishes the maximum amount the provider will be paid for a given service.

21. CPT codes 99201 through 99205 are used to report evaluation and management (E&M) services provided to a new patient in a physician's office or in an outpatient facility. The provider must use the code that describes the level of service that was actually provided. Each E&M code provides that "Counseling and/or coordination of care with other providers or agencies . . . consistent with the nature of the problem(s) and the patient's and/or family's needs" is included in the E&M service.

    a. CPT code 99201 requires three components: a problem focused history, a problem focused examination, and straightforward medical decision making. Usually, the problems are self limited and minor and physicians typically spend 10 minutes face-to-face with

5

the patient and/or family.

b. CPT code 99202 requires three components: an expanded problem focused history, an expanded problem focused examination, and straightforward medical decision making. Usually, the problems are low to moderate severity and physicians typically spend 20 minutes face-to-face with the patient and/or family.

c. CPT code 99203 requires three components: a detailed history, a detailed examination, and medical decision making of low complexity. Usually, the problems are of moderate severity and physicians typically spend 30 minutes face-to-face with the patient and/or family.

d. CPT code 99204 requires three components: a comprehensive history, a comprehensive examination, and medical decision making of moderate complexity. Usually, the problems are of moderate to high severity and physicians typically spend 45 minutes face-to-face with the patient and/or family.

e. CPT code 99205 requires three components: a comprehensive history, a comprehensive examination, and medical decision making of high complexity. Usually, the problems are of moderate to high severity and physicians typically spend 60 minutes face-to-face with the patient and/or family.

22. CPT codes 99211 through 99215 are used to report evaluation and management services provided to an established patient in a physician's office or in an outpatient facility. The provider must use the code that describes the level of service that is provided. Each code provides that "Counseling and/or coordination of care with other providers or agencies . . . consistent with the nature of the problem(s) and the patient's and/or family's needs" is included

in the E&M service.

 a. CPT code 99212 requires two of the following three components: a problem focused history, a problem focused examination, and straightforward medical decision making. Usually, the problems are self limited or minor and physicians typically spend 10 minutes face-to-face with the patient and/or family.

 b. CPT code 99213 requires two of three components: an expanded problem focused history, an expanded problem focused examination, and medical decision making of low complexity. Usually, the problems are of low to moderate severity and physicians typically spend 15 minutes face-to-face with the patient and/or family.

 c. CPT code 99214 requires two of three components: a detailed history, a detailed examination, and medical decision making of moderate complexity. Usually, the problems are of moderate to high severity and physicians typically spend 25 minutes face-to-face with the patient and/or family.

23. CPT code 69205 is used to describe the removal of a foreign body from the external auditory canal of the ear with general anesthesia. CPT code 69200 is used to describe the removal of a foreign body without general anesthesia.

24. CPT code 69210 is used to describe the removal of impacted cerumen (ear wax) from one or both ears.

## COUNT 1
## HEALTH CARE FRAUD SCHEME
## 18 U.S.C. §§ 1347 and 2

25. Paragraphs 1-24 are incorporated by reference as if fully set out herein.

26. Between in or about 2003 and 2008, the defendant devised and executed a scheme to

obtain reimbursement from Medicare and Medicaid for health care services that he did not render. The scheme included the creation and use of false patient treatment records and the submission of false reimbursement claims.

### False Statements Related to Evaluation and Management Services

27. At all times relevant to this indictment, residents of nursing homes and other senior residential facilities were transported to St. Alexius to receive health services from various providers, including the defendant. Nurses, employed by St. Alexius, documented the length of time that the defendant spent with the patients. The defendant typically spent less than five minutes with a patient.

28. It was part of the scheme and artifice to defraud that the defendant falsely stated in patient records and claim forms that he had spent more time with patients than he had actually spent. For the majority of new patients, the defendant used CPT code 99204 to report 45 minutes spent with them. For a few new patients, he used CPT code 99203 to report 20 minutes spent with them.

29. Similarly, for the majority of established patients, the defendant used CPT code 99214 to report 25 minutes spent with them. For a few established patients, he used 99213 to report 15 minutes.

30. The following are examples of false claims reflecting more time than the defendant actually spent with the patients:

| Patient | Date of Service | CPT Code Used | Actual Time with Patient |
|---|---|---|---|
| a. E. V. | 1/5/2004 | 99204 | 5 minutes |
| b. J. B. | 1/19/2004 | 99204 | 5 minutes |

8

| | | | |
|---|---|---|---|
| c. S. R. | 2/9/2004 | 99204 | 5 minutes |
| d. B. B. | 3/29/2004 | 99204 | 5 minutes |
| e. W. H. | 4/12/2004 | 99204 | 5 minutes |
| f. T. M. | 6/21/2004 | 99204 | 5 minutes |
| g. W. L. | 6/21/2004 | 99204 | 5 minutes |
| h. N. M. | 8/9/2004 | 99204 | 5 minutes |
| i. J. W. | 9/13/2004 | 99204 | 5 minutes |
| j. M. W. | 10/4/2004 | 99204 | 5 minutes |

31. It was part of the scheme and artifice to defraud that the defendant falsely billed the services at St. Alexius as "office visits" rather than "outpatient visits." Providers must identify the place of service because the place of service may affect the amount of reimbursement. Medicare pays more for an office visit than it pays for an outpatient visit.

32. It was further part of the scheme and artifice to defraud that the defendant created two sets of patient treatment notes for the visits at St. Alexius.

### False Statements Related to Removal of Ear Wax

33. It was part of the scheme and artifice to defraud that the defendant falsely billed for the removal of a foreign body under anesthesia (CPT code 69205) when he was only removing impacted ear wax, a natural substance produced by the body to protect the ear. Medicare pays more for the removal of a foreign body under anesthesia than the removal of ear wax. The following are examples of false claims for the removal of ear wax:

| Patient | Date of Service | CPT Code Used |
|---|---|---|
| a. D. C. | 4/2/04 | 69205 |

| | | |
|---|---|---|
| b. D. C. | 4/29/05 | 69205 |
| c. J. A. | 5/5/05 | 69205 |
| d. S. F. | 9/13/05 | 69205 |
| e. T. F. | 9/20/05 | 69205 |
| f. K. B. | 8/29/05 | 69205 |
| g. D. F. | 3/10/06 | 69205 |
| h. K. B. | 6/2/06 | 69205 |
| i. C. C. | 6/28/06 | 69205 |
| j. J. H. | 7/17/06 | 69205 |

### False Statements Related to Surgical Procedures

34. It was part of the scheme and artifice to defraud that the defendant falsely stated in patient records that he had performed surgical procedures. As an example, on or about December 26, 2008, the defendant falsely stated that he had performed a total left ethmoidectomy on Patient S. C.

### Execution of the Health Care Fraud Scheme

35. On or about April 11, 2005, in the Eastern District of Missouri,

**WALLACE P. BERKOWITZ, M.D.,**

the defendant herein, knowingly and willfully executed and attempted to execute, the above described scheme or artifice to defraud Medicare and Missouri Medicaid, which are health care benefit programs, in connection with the delivery and payment for health care benefits, items, and services, that is, the defendant submitted a claim, that he knew contained false information, in order to obtain reimbursement for services that he purportedly rendered to Patient A. P.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 2- 20
## FALSE STATEMENTS RELATED TO HEALTH CARE
## 18 U.S.C. §§ 1035 and 2

36. Paragraphs 1-24 and paragraphs 27-30 are incorporated by reference as if fully set out herein.

37. On or about the dates indicated below, in the Eastern District of Missouri,

**WALLACE P. BERKOWITZ, M.D.,**

the defendant herein, in a matter involving a health care benefit program, knowingly and willfully made and used, and caused to be made and used, materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries in connection with the delivery of or payment for health care benefits, items, and services, in that the defendant falsely represented in reimbursement claims that he had provided a higher level of evaluation and management service than he had actually provided.

| Count | Patient | Date of Service | Date of Claim | CPT Code on Claim | Actual Time With Patient |
|---|---|---|---|---|---|
| 2 | R. J. | 1/10/05 | 1/19/05 | 99204 | 6 minutes |
| 3 | R. D. | 1/10/05 | 2/5/05 | 99204 | 5 minutes |
| 4 | A. B. | 1/10/05 | 1/29/05 | 99214 | 5 minutes |
| 5 | E. R. | 1/17/05 | 2/12/05 | 99214 | 5 minutes |
| 6 | A. P. | 1/19/05 | 2/5/05 | 99214 | 5 minutes |
| 7 | S. F. | 1/19/05 | 1/29/05 | 99214 | 5 minutes |
| 8 | D. R. | 1/24/05 | 2/12/05 | 99204 | 5 minutes |

| | | | | | |
|---|---|---|---|---|---|
| 9 | N. K. | 5/9/05 | 5/20/05 | 99204 | 2 minutes |
| 10 | R. L. | 5/9/05 | 6/4/05 | 99204 | 2 minutes |
| 11 | M. L. | 5/16/05 | 5/31/05 | 99204 | 2 minutes |
| 12 | W. G. | 5/23/05 | 6/11/05 | 99204 | 3 minutes |
| 13 | I. F. | 6/20/05 | 7/5/05 | 99204 | 5 minutes |
| 14 | L. W. | 6/27/05 | 7/16/05 | 99203 | 5 minutes |
| 15 | A. P. | 7/25/05 | 8/5/05 | 99213 | 3 minutes |
| 16 | A. B. | 8/1/05 | 8/20/05 | 99213 | 2 minutes |
| 17 | K. J. | 8/22/05 | 9/10/05 | 99204 | 2 minutes |
| 18 | M. J. | 8/22/05 | 9/10/05 | 99204 | 3 minutes |
| 19 | D. H. | 8/29/05 | 9/24/05 | 99204 | 3 minutes |
| 20 | R. S. | 10/10/05 | 10/21/05 | 99204 | 5 minutes |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

A TRUE BILL.

_____
FOREPERSON

MICHAEL W. REAP
Acting United States Attorney

_____
DOROTHY L. McMURTRY, #6703
Assistant United States Attorney